UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARR LAZERS, LLC,<br><br>                                        Plaintiff,<br><br>                    v.<br><br>PRO-LINE SOLUTIONS, INC.,<br><br>                                        Defendant. | 22 Civ. 8597<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff DARR Lazers, LLC ("DARR"), by and through its undersigned attorneys, for its Complaint against defendant Pro-Line Solutions, Inc. ("Pro-Line") alleges as follows:

### Nature of the Action

1. This is an action for breach of contract based on Pro-Line's failure to pay DARR certain fees pursuant to an Independent Consulting Agreement (the "Consulting Agreement").

### Parties

2. DARR is an Ohio limited liability company with its principal place of business located in Hinckley, Ohio. All members of DARR are citizens of Ohio.

3. Pro-Line is a New York corporation with its principal place of business located in Mount Vernon, New York.

### Jurisdiction and Venue

4. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

5. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because Pro-Line's principal place of business is situated within this judicial district, a substantial part of the events giving rise to the claims occurred in this judicial district, and the parties agreed in their Consulting Agreement to submit to the exclusive jurisdiction of and venue in the federal and state courts of the State of New York, County of New York, for the resolution of all disputes arising out of that Agreement.

### Relevant Facts

**DARR**

6. DARR is a consulting company specializing in the medical device field.

**Pro-Line**

7. Pro-Line is a manufacturer of medical instrument detergents and related products.

**The Consulting Agreement**

8. On April 7, 2021, DARR and Pro-Line executed a Consulting Agreement, pursuant to which Pro-Line engaged DARR to provide consulting services in connection with (1) the sale of Pro-Line's products; and (2) the potential sale of Pro-Line's stock and/or assets. DARR has performed all of its contractual obligations under the Consulting Agreement.

9. The Consulting Agreement has a term of one year with automatic renewals from year to year unless the Consulting Agreement is terminated in the manner provided therein. Neither DARR nor Pro-Line has terminated the Consulting Agreement.

10. In the Consulting Agreement, "Transaction" is defined to mean any transaction involving a purchaser "to whom [Pro-Line] will directly or indirectly, merge, consolidate, sell or transfer all or part of the stock and/or assets of [Pro-Line] or would have the effect, directly or indirectly, of any of the foregoing." (Consulting Agreement § 19(c).)

11.     In the Consulting Agreement, "Consideration" is defined as "all payments received by [Pro-Line], in connection with a Transaction with a Purchaser in the form of cash, stocks, notes or other securities, equity investment, funded debt (assumed or paid-off), funded development contracts, leases, royalties, licenses or any other similar form of consideration received by [Pro-Line] in a Transaction."  (*Id.* § 19(a)(i).)

12.     In the Consulting Agreement, "Fee" is defined as:

> "[DARR] is the exclusive representative of [Pro-Line] in relation to the sale of its business.  For all services to be rendered hereunder by Consultant in connection with a Transaction, [Pro-Line] shall pay a fee to [DARR], payable as provided for herein, equal to 10 (ten) percent of the total Consideration paid by a Purchaser to [Pro-Line]."

(*Id.* § 19(a)(ii).)

13.     In the Consulting Agreement, Pro-Line agreed to make regular monthly payments to DARR in the amount of $2,500.  (*Id.* § 2.)

14.     Additionally, in the Consulting Agreement, Pro-Line agreed that—in the event of a Transaction or the sale of Pro-Line's business during the term of the Consulting Agreement—Pro-Line would pay a fee to DARR in an amount equal to 10% of the total Consideration paid by the purchaser to Pro-Line in the Transaction or sale.  (*Id.* §§ 19(a)(ii) and 19(b)(ii)(a).)

**The Sale of Pro-Line's Assets**

15.     In or about late 2021, on behalf of Pro-Line, DARR began negotiating the sale of Pro-Line's assets to non-party Southmedic Inc. ("Southmedic").

16.     On May 5, 2022, with DARR's assistance, Pro-Line and Southmedic entered into an Asset Purchase Agreement (the "APA"), pursuant to which Southmedic agreed to purchase Pro-Line's assets.

17. On or about August 30, 2022, the closing took place and Southmedic made an initial payment to Pro-Line pursuant to the APA. (APA § 2.2(a).)

**Pro-Line Refuses to Pay DARR**

18. By text message dated August 9, 2022, Pro-Line informed DARR that it would make an initial payment on August 31, 2022 for DARR's services rendered in connection with the sale of Pro-Line's business.

19. However, despite the August 9, 2022 text message, Pro-Line has refused to pay DARR 10% of any amounts Pro-Line received from Southmedic in connection with the APA.

20. Pro-Line has also failed to make its regular monthly payments to DARR in the total amount of $32,500.

**COUNT I – Breach of the Consulting Agreement**

21. DARR repeats and realleges as though fully set forth herein the allegations of Paragraphs 1 through 20 of the Complaint.

22. The Consulting Agreement is an enforceable agreement that imposes certain contractual obligations upon Pro-Line.

23. DARR has fully performed its obligations under the Consulting Agreement.

24. Pro-Line has breached the Consulting Agreement by, among other things, (1) failing to pay DARR 10% of any amounts Pro-Line received from Southmedic in connection with the APA; and (2) failing to make regular monthly payments to DARR.

25. As a direct and proximate result of Pro-Line's breaches, DARR has suffered damages in an amount not less than $182,500.

## **COUNT II – Unjust Enrichment**

26. DARR repeats and realleges as though fully set forth herein the allegations of Paragraphs 1 through 20 of the Complaint.

27. As set forth above, Pro-Line has failed to pay DARR for services rendered in connection with the APA and the sale of Pro-Line's products.

28. Thus, at DARR's expense, Pro-Line has received benefits that, under the circumstances, would make it unjust for Pro-Line to retain those benefits without returning them.

29. As a direct and proximate result of Pro-Line's unlawful and improper conduct, as set forth above, Pro-Line has been unjustly enriched. DARR is therefore entitled, in the alternative, to damages in an amount not less than $182,500.

**Prayer for Relief**

WHEREFORE, plaintiff demands judgment against defendant as follows:

      A.      Awarding DARR damages against Pro-Line in an amount not less than $182,500, plus applicable interest;

      B.      Awarding DARR attorneys' fees, costs, and disbursements incurred as a result of this action; and

      C.      Awarding DARR such further relief as the Court deems just and proper.

**Demand for Jury Trial**

DARR hereby demands a jury trial on all issues.

Dated: October 10, 2022

                                                  HODGSON RUSS LLP

                                                  By: _____/s/ Carmine J. Castellano_____
                                                             Carmine J. Castellano

                                                  605 Third Avenue, Suite 2300
                                                  New York, NY  10158
                                                  (212) 751-4300
                                                  ccastell@hodgsonruss.com

                                                  *Attorneys for Plaintiff DARR Lazers, LLC*